The judgment of the supreme court was accordingly REVERSED, 18 members of the court voting for a reversal.

---

## THE PEOPLE *vs*. STEARNS.

A *writ of error* does not lie to the supreme court, where an *indictment* and *bill of exceptions*, taken on the trial of the prisoner, are brought into that court by *certiorari*, to take the advice of the court, and the proceedings are remitted to the court in which the trial was had with advice to proceed to judgment.

Whether, after removing the proceedings by *certiorari*, and the supreme court pass upon the

case, the prisoner can subsequently bring error; and if he can, to what court the writ must issue, *quære,*:

The *chancellor* concurs in opinion with the supreme court, that the indictment is good, and that the *exceptions* taken on the trial, ought not to be allowed.

ERROR from the supreme court. Stearns, the prisoner, was convicted of the crime of forgery at the New-York general sesssions. Having taken various exceptions on the *trial, he removed the *indict-*   [ *635 ] *ment* and *bill of exceptions* into the supreme court under the provisions of the statute, 2 *R. S.* 736, and that court advised the sessions to proceed to judgment, and remitted the proceedings. *See* 21 *Wendell,* 409 *et seq.* The prisoner thereupon, previous to judgment being rendered in the sessions, sued out a writ of error directed to the supreme court removing the proceedings into this court. After hearing counsel, the following opinion was delivered :

By the CHANCELLOR. The plaintiff in error was indicted with two other persons, in the court of general sessions of the peace in and for the city of New-York, for forging, and also for uttering and publishing as true, an order directed to the cashier of the Union Bank in that city, dated at the Bank of Kentucky at Louisville, and purporting to be signed by G. C. Gwathmey as cashier, directing the person to whom it was addressed to deliver to Burton, Gurley and Edmonds certain plates of the Bank of Kentucky, and afterwards to receive them back on deposit, which forgery of the order, and the uttering of the same as true, the indictment charged was with intent to defraud the President, Directors and Company of the Bank of Kentucky, and divers other persons to the jurors unknown. To this indictment, the accused put in a demurrer, which was overruled by the court; and there was then a jury trial upon the general issue put in to the indictment, by order of the court, upon the refusal of Stearns to plead to the same. On the trial, a bill of exceptions was taken by the plaintiff in error, and the proceedings being stayed by order of a judge, a certiorari was sued out to remove the record into the supreme court before judgment, as authorized by the statute. That court decided against the exceptions, and remitted the proceedings to the court in which the trial was had, with directions to proceed and render judgment against the prisoner. The plaintiff in error thereupon, and before any judgment had been rendered upon the conviction, sued out his writ of error to this court. Upon this state of facts the preliminary question arises whether this court has any jurisdiction to reverse a judgment which has not been given, *or to review the decision of the su-   [ *636 ] preme court before judgment.

It is perfectly clear that, at the comommilaw, no writ of error lies until after a final judgment in any case; and if the provisions of the revised statutes have not altered the law in that respect, this writ of error must be dismissed. The article of the revised statutes relative to writs of error on

judgments, and certioraris in criminal cases, 2 *R. S.* 736, has authorized the removal of the proceedings of the sessions to the supreme court, upon certiorari, before judgment on a bill of exceptions, where the judgment has been stayed by the order of a judge. But even in that court no writ of error lies upon the bill of exceptions until final judgment has been given in the court below. Where the cause is removed to the supreme court by certiorari, the court is authorized to grant a new trial if the exceptions are well taken, or to proceed to judgment if the justices of that court decide against the exceptions; or they may remit the case to the court below, after overruling the exceptions, with directions to such court to proceed to judgment. No provision, however, is made for a certiorari to this court to review the decision of the supreme court upon a bill of exceptions, before final judgment. It necessarily follows that where the case is remitted to the court of sessions to give judgment, the accused must wait until after such judgment has been given, before any writ of error can be brought to this court.

Whether the plaintiff in error has not deprived himself of the right of bringing his cause into this court upon a writ of error, by proceeding by certiorari to the supreme court before judgment, is a question not necessary to be considered here. If a writ of error will lie, it probably must be addressed to the court of sessions; or the record of the judgment must be again removed into the supreme court, by certiorari, to enable that court to make a return to a writ of error directed to the justices of that tribunal. I think we have no jurisdiction of this case, and that the writ of error should be dismissed as irregularly and improperly brought.

[ *637 ]      *But as some other member of the court may possibly have arrived at a different conclusion, I have looked into the merits of the case, both as to the indictment itself, and also upon the questions raised by the bill of exceptions; and I am satisfied the plaintiff in error was rightfully convicted, and that judgment should be pronounced against him for forgery in the third degree. The legislature, after specifying several forgeries as belonging to the first or second degrees, has, by the thirty-third section of the article of the revised statutes relative to forgeries, made a sweeping provision which unquestionably embraces every other forgery of a writing, purporting to be the act of another person, which was by the common law a misdemeanor, or a criminal offence : that is, every other forgery by which it is possible that any individual or body politic or corporate can be injured, in any way, in his person or estate. 2 *R. S.* 673. Indeed the revisers in their note to this section, say in terms, that the section has been prepared by them in that form to avoid all cavil, and to reach every case of forgery that has ever been committed or that ever can be committed. The indictment charges that this forged order was made and uttered with intent to defraud the bank of Kentucky, and divers other persons to the grand

Albany, December, 1840.—The People v Stearns.

jurors unknown. And if there is no corporation of that name, it necessa. r ily follows that the indictment is broad enough to reach the unknown individuals who constituted the company of stockholders of that unincorporated banking association. And if Gwathmey had no authority as cashier, to give such an order, still he might be defrauded, or the person to whom it was directed, if the latter should be induced to give up the plates, upon the faith of that order. Upon the facts of the case, there can be no doubt of the guilt of the accused, and he ought to suffer the punishment due to his offence.

Writ of error dismissed.